IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOUD RECORDS, LLC, a Delaware corporation; BMG MUSIC, a New York general partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; PRIORITY RECORDS LLC, a California limited liability company; UMG RECORDINGS, INC., a Delaware corporation; and MAVERICK RECORDING COMPANY, a California joint venture,<br><br>       Plaintiffs,<br><br>vs.<br><br>MICHAEL WEGMAN,<br><br>       Defendant. | CIVIL ACTION No. 1:05-cv-00518-KAJ |

## DECLARATION OF ROBERT S. GOLDMAN IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY THE COURT

I, Robert S. Goldman, declare:

1. I am an attorney at law licensed to practice before the Courts of the State of Delaware and this United States District Court. I am an attorney in the law firm of Phillips, Goldman & Spence, P.A., attorneys for Plaintiffs. Unless otherwise stated, I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

2. On July 22, 2005, Plaintiffs filed the Complaint. Attached hereto as Exhibit 1 is a true and correct copy of the Complaint.

3.     On November 9, 2005, the Clerk of this Court entered the default of Defendant. Attached hereto as Exhibit 2 is a true and correct copy of the Default By Clerk.

4.     Defendant has not appeared in this action.

5.     I am informed and believe that Defendant is not an infant or incompetent person and, after consulting available public databases, is not in the military service.

6.     Plaintiffs have incurred costs in this case in the amount of $295.00.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____ at _____.

_____
Robert S. Goldman

# EXHIBIT 1

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
LOUD RECORDS, LLC; BMG MUSIC; SONY BMG MUSIC ENTERTAINMENT; PRIORITY RECORDS LLC; UMG RECORDINGS, INC.; and MAVERICK RECORDING CO.

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)
NEW YORK, NEW YORK

(c) Attorney's (Firm Name, Address, and Telephone Number)
Robert S. Goldman       Tel: 302-655-4200
Lisa C. McLaughlin      Fax: 302-655-4210
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, Delaware 19806

## DEFENDANTS
MICHAEL WEGMAN
County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an 'X' in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | SOCIAL SECURITY | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW 405(g) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 1 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 1 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
*17 U.S.C. § 501 et seq. – copyright infringement*

## VII. REQUESTED IN COMPLAINT
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Statutory damages; injunction
CHECK YES only if demanded in complaint
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
JUDGE Kent A. Jordan   DOCKET NUMBER 04-882-KAJ, 04-969-KAJ, 04-1398-KAJ, and 04-1399-KAJ

DATE 7/22/2005
SIGNATURE OF ATTORNEY OF RECORD /s/ Robert S. Goldman

FOR OFFICE USE ONLY
RECEIPT# _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOUD RECORDS, LLC, a Delaware corporation; BMG MUSIC, a New York general partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; PRIORITY RECORDS LLC, a California limited liability company; UMG RECORDINGS, INC., a Delaware corporation; and MAVERICK RECORDING COMPANY, a California joint venture,<br><br>        Plaintiffs,<br><br>vs.<br><br>MICHAEL WEGMAN,<br><br>        Defendant. | CIVIL ACTION No._____ |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiffs, LOUD RECORDS, LLC; BMG MUSIC; SONY BMG MUSIC ENTERTAINMENT; PRIORITY RECORDS LLC; UMG RECORDINGS, INC.; and MAVERICK RECORDING CO., by their attorneys, for their complaint against Defendant MICHAEL WEGMAN, allege as follows:

**NATURE OF THE ACTION**

1.   This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. §101, et seq.).

## JURISDICTION AND VENUE

2.   This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

3.   This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

4.   This Court has personal jurisdiction over the Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that the Defendant resides in this District, and the acts of infringement complained of herein occurred in this District.

## PARTIES

5.   Plaintiff Loud Records, LLC is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

6.   Plaintiff BMG Music is a general partnership duly organized and existing under the laws of the State of New York, with its principal place of business in the State of New York.

7.   Plaintiff SONY BMG MUSIC ENTERTAINMENT is a Delaware general partnership, with its principal place of business in the State of New York.

2

8. Plaintiff Priority Records LLC is a limited liability company with its principal place of business in the State of California.

9. Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

10. Plaintiff Maverick Recording Company is a joint venture between SR/MDM Venture Inc. and Maverick Records LLC, organized and existing under the laws of the State of California, with its principal place of business in the State of California.

11. Plaintiffs are informed and believe that Defendant is an individual residing in this District.

## COUNT I

### INFRINGEMENT OF COPYRIGHTS

12. Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

13. Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright with respect to certain copyrighted sound recordings (the "Copyrighted Recordings"). The Copyrighted Recordings include but are not limited to each of the copyrighted sound recordings identified in Exhibit A attached hereto, each of which is the subject of a valid Certificate of Copyright Registration issued by the

Register of Copyrights. In addition to the sound recordings listed on Exhibit A, Copyrighted Recordings also include certain of the sound recordings listed on Exhibit B which are owned by or exclusively licensed to one or more of the Plaintiffs or Plaintiffs' affiliate record labels, and which are subject to valid Certificates of Copyright Registration issued by the Register of Copyrights.

14.     Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

15.     Plaintiffs are informed and believe that Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others. In doing so, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright.

16.     Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on each respective album cover of each of the sound recordings identified in Exhibit A. These notices of copyright appeared on published copies of each of the sound recordings identified in Exhibit A. These published copies were widely available, and each of the published copies of the sound recordings identified in Exhibit A was accessible by Defendant.

17.     Plaintiffs are informed and believe that the foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiffs.

18.     As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendant's infringement of each of the Copyrighted Recordings. Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

19.     The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing Plaintiffs' copyrights, and ordering Defendant to destroy all copies of sound recordings made in violation of Plaintiffs' exclusive rights.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1.     For an injunction providing:

"Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs)

5

("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.*, download) any of Plaintiffs' Recordings, to distribute (*i.e.*, upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control."

2.  For statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. § 504.

3.  For Plaintiffs' costs in this action.

4.  For Plaintiffs' reasonable attorneys' fees incurred herein.

5.  For such other and further relief as the Court may deem just and proper.

DATED: July 22, 2005

6

*/s/ Robert S. Goldman*
Robert S. Goldman (DE Bar No. 2508)
Lisa C. McLaughlin (DE Bar No. 3113)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, Delaware 19806
(New Castle Co.)
Telephone: 302-655-4200
Telecopier: 302-655-4210

Attorneys for Plaintiffs LOUD RECORDS, LLC; BMG MUSIC; SONY BMG MUSIC ENTERTAINMENT; PRIORITY RECORDS LLC; UMG RECORDINGS, INC.; and MAVERICK RECORDING CO.

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOUD RECORDS, LLC, a Delaware corporation; BMG MUSIC, a New York general partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; PRIORITY RECORDS LLC, a California limited liability company; UMG RECORDINGS, INC., a Delaware corporation; and MAVERICK RECORDING COMPANY, a California joint venture,<br><br>    Plaintiffs,<br><br>vs.<br><br>MICHAEL WEGMAN,<br><br>    Defendant. | CIVIL ACTION No._____ |

## PLAINTIFFS' CERTIFICATE OF INTERESTED PERSONS

Pursuant to Federal Rule of Civil Procedure 7.1, Plaintiffs identify below parent corporations as well as all publicly held corporations that own 10% or more of any Plaintiff's stock.

Plaintiff LOUD RECORDS, LLC is a subsidiary of SONY BMG MUSIC ENTERTAINMENT, whose ultimate parents are Bertelsmann AG and Sony Corporation, the latter of which is publicly traded in the United States.

Plaintiff BMG MUSIC is a general partnership owned by SONY BMG MUSIC ENTERTAINMENT and Ariola Eurodisc LLC, neither of which is publicly traded

Plaintiff SONY BMG MUSIC ENTERTAINMENT is a joint venture owned by USCO Holdings Inc., BeSo Holding LLC, Ariola Eurodisc, Inc., Arista Holding, Inc., and Zomba US Holdings, Inc., none of which is publicly traded. Its ultimate parents are Bertelsmann AG and Sony Corporation, the latter of which is publicly traded in the United States.

Plaintiff PRIORITY RECORDS LLC's parent is EMI Group PLC, which is publicly traded in the U.K.

Plaintiff UMG RECORDINGS, INC.'s parent corporation is Vivendi Universal, S.A., a publicly held French company.

Plaintiff MAVERICK RECORDING COMPANY is a joint venture between SR/MDM Venture Inc., whose parent corporation is Warner Music Group Corp., which is publicly traded in the U.S., and Maverick Records LLC, which is not publicly traded.

DATED: _____7-22-05_____    _____

2

*/s/ Robert S. Goldman*
_____
Robert S. Goldman (DE. Bar No. 2508)
Lisa C. McLaughlin (DE Bar No. 3113)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, Delaware 19806
(New Castle Co.)
Telephone: 302-655-4200
Telecopier: 302-655-4210

Attorneys for Plaintiffs LOUD RECORDS, LLC; BMG MUSIC; SONY BMG MUSIC ENTERTAINMENT; PRIORITY RECORDS LLC; UMG RECORDINGS, INC.; and MAVERICK RECORDING CO.

3

**EXHIBIT 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOUD RECORDS, LLC, a Delaware corporation; BMG MUSIC, a New York general partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; PRIORITY RECORDS LLC, a California limited liability company; UMG RECORDINGS, INC., a Delaware corporation; and MAVERICK RECORDING COMPANY, a California joint venture, <br><br> Plaintiffs, <br><br> vs. <br><br> MICHAEL WEGMAN, <br><br> Defendant | CIVIL ACTION No. 1:05-cv-00518-KAJ |

## DEFAULT BY CLERK

It appearing from the records in this action that Summons has been served upon Defendant Michael Wegman, and it further appearing from the declaration of counsel for Plaintiffs, and other evidence as required by Rule 55(a) of the Federal Rules of Civil Procedure, that Defendant Michael Wegman has failed to plead or otherwise defend in this action as directed in said Summons and as provided in the Federal Rules of Civil Procedure;

Now, therefore, on request of Plaintiffs' counsel, the DEFAULT of Defendant Michael Wegman hereby is entered.

DATED: Nov. 9, 2005          By: _____
                                  Deputy Clerk